SMITH *v.* THE GEORGIA RAILROAD & BANKING COMPANY.

1. A declaration filed by a track-hand of a railroad company, alleging that plaintiff was injured by a fall of earth, caused by the negligence of the company, its agents and servants, is amendable by setting out the particulars constituting the alleged negligence, and also by averring that plaintiff himself was without fault. *Ellison* v. *Ga. R. R. & Bkg. Co.,* decided this term (*ante,* 691).

2. The declaration as amended sets out a cause of action, although it does not distinctly allege that plaintiff was ignorant of the danger to which he was subjected.  *Judgment reversed.*

November 23, 1891. Argued at the last term.

Negligence. Railroads. Master and servant. Amendment. Before Judge HINES. Rockdale superior court. September adjourned term, 1890.

The declaration alleged in substance: Smith, being in the employment of defendant as an ordinary section hand, was engaged with others in loading a construction-car of the company with dirt from a grade, for a side-track for the company on its line of railway, under

the orders and direction of one Robinson, who was superintending the work for the company, and who had charge and control of Smith and the other hands engaged with him. In loading the construction car Smith was required to be on the grade excavated for the side-track and near a high embankment and facing the embankment; and the embankment, through the carelessness and negligence of the company and its employees, had been excavated, dug under or undermined to a depth of three or four feet, and left exposed to the weather in that condition, so that, becoming cracked on the upper surface, insecure and unsafe, it broke off and fell upon Smith, knocking him backwards and covering his entire body with dirt weighing several thousand pounds. The declaration then set forth the nature of the injuries inflicted, Smith's previous earnings, etc.

The amendment proposed was: Defendant was guilty of gross negligence in excavating and digging under the embankment, in this; it was undermined for fully thirty feet and no supports of any kind were placed under it to prevent it from falling; it was undermined by the directions of Robinson, who was the agent of defendant; it was not excavated in chambers or galleries, the usual, proper and safe method of doing such work, but was undermined for the distance of thirty feet and left in that condition over night, exposed to the weather and the jarring of trains which were continually passing within a few feet of it; and although defendant knew and was bound to know the unsound condition of the embankment and the improper and unskillful manner in which it had been excavated, Smith was ordered by Robinson to work near and under it on the morning of the day following the day when it had been so undermined, when it fell and injured Smith. These acts were acts of gross negligence on the part of defendant, and it was through and owing to this negli-

gence, and wholly without any fault or negligence on his part, that Smith was injured. He knew (?) of the condition of the embankment, or that it was improperly excavated or undermined, or that it was unsound or unsafe. He was young and inexperienced about such work and knew nothing of the manner in which it should be done. He was guilty of no fault or negligence that contributed to the injury, was simply obeying the orders of his superior as he was bound to do, and it was not possible for him to escape or avoid the injury. Robinson, who was a skilled officer of defendant, whose duty it was to be present, examine the condition of the work and superintend it, was absent and not attending to his duties.

The defendant demurred generally, and the demurrer was sustained. The amendment was not allowed because, no cause of action having been set forth in the declaration, there was nothing to amend by.

CALVIN GEORGE and G. W. GLEATON, for plaintiff.

J. B. CUMMING, A. C. McCALLA and BRYAN CUMMING, for defendant.